IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | 1:17-cr-124 |
| | : | 1:20-cv-1388 |
| v. | : | Hon. John E. Jones III |
| STEVEN GRAY, | : | |
| Defendant. | : | |

# MEMORANDUM

## May 17, 2021

Pending before the Court is Defendant Steven Gray's ("Defendant" or "Gray") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody (the "Motion"). (Doc. 121). The parties have fully briefed the Motion making this matter ripe for our review. (Docs. 121 and 126). For the reasons that follow, the Motion shall be denied and a certificate of appealability shall not issue.

**I.      BACKGROUND**

On March 12, 2018, following a multi-day trial, a jury returned a verdict against Gray, finding him guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Following a presentence investigation, on November 21, 2018, the Court sentenced Gray to 84 months imprisonment followed by a 3 year term of supervised release. Gray took a direct appeal, and the

1

United States Court of Appeals for the Third Circuit affirmed Gray's judgment in an opinion dated November 8, 2019.[1]

Thereafter, on July 31, 2020, the Defendant filed the instant §2255 Motion. Within his Motion, Gray contends that the Government failed to prove that he had knowledge that he was prohibited from possessing a firearm and both his trial and appellate counsel was ineffective for raising this argument.

## II.  LEGAL STANDARDS

Title 28, United States Code, Section 2255 permits federal prisoners the ability to attack the validity of their convictions and sentences, but generally is limited to curing errors that were jurisdictional, rose to the level of a constitutional violation, resulted in a "complete miscarriage of justice," or led to proceedings that were "inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck,* 441 U.S. 780, 783-84 (1979) (citations omitted). *See also United States v. Addonizio,* 442 U.S. 178, 185-86 (1979); *United States v. Essig,* 10 F.3d 968, 977 n.25 (3d Cir. 1993).

### A.  Hearing on Motion

"Generally, if a prisoner's ' 2255 [motion] raises an issue of material fact, the district court must hold a hearing to determine the truth of the allegations." *Essig,* 10 F.3d at 976 (citations omitted). A defendant is not entitled to a hearing,

---

[1] On appeal, Gray raised three issues related to three sentencing enhancements applied at sentencing. None of those issues have been raised on the instant Motion.

however, if his allegations are contradicted by the record or if they are patently frivolous. *Solis v. United States,* 252 F.3d 289, 295 (3d Cir. 2001) (citations omitted). Similarly, the district court is not required to hold a hearing if the motion, files, and records of the case conclusively show that the movant is not entitled to relief. 28 U.S.C. ' 2255; Rule 4(b) of the Rules Governing ' 2255 Proceedings for the United States District Courts; *Government of the Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir.1989). The Court has reviewed the submissions in this matter and it is our considered view that a hearing is not warranted here.

### B. Ineffective Assistance of Counsel

Since Gray's Motion mainly concerns an allegation of ineffective assistance of counsel, we begin with the well-established standard for such claims under 28 U.S.C. § 2255. In order to successfully demonstrate ineffective assistance of counsel, a petitioner must establish that (1) the performance of counsel fell below an objective standard of reasonableness; and (2) the errors of counsel prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687-92, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The first prong of the *Strickland* test requires the defendant show that counsel's performance was actually deficient. *Jermyn v. Horn,* 266 F.3d 257, 282 (3d Cir. 2001). A court "deciding an actual ineffectiveness claim must judge the reasonableness of the counsel's challenged conduct on the facts of the

particular case, viewed as of the time of counsel's conduct." *Strickland,* 466 U.S. at 690. Counsel's conduct presumptively "falls within the wide range of reasonable professional assistance," and the defendant "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689-90 (quoting *Michel v. Louisiana,* 350 U.S. 91, 93, 76 S. Ct. 158, 100 L. Ed. 83 (1955)).

The Supreme Court has cautioned against allowing defendants to "second-guess" every decision made by their representative. *Strickland,* 466 U.S. at 689. Every effort must "be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*. at 689. There is a "strong presumption" that the actions of defense counsel were reasonable, and the burden rests with the defendant to overcome this high bar. *Id.* at 689. Furthermore, it is imperative that post-trial or post-plea inquiries not lead to an endless cycle of litigation, where the accused can challenge the result until he finds the one most favorable. *See id.* at 689–90.

The second prong of the *Strickland* test requires the defendant show that the deficient performance so prejudiced the defense as to raise doubt as to the accuracy of the outcome of the trial or sentence. *Strickland*, 466 U.S. at 693-94. Additionally, it "is not enough for the defendant to show that the errors had some

conceivable effect on the outcome of the proceeding." *Id.* at 693; *Harrington v. Richet*, 562 U.S. 86, 111 (2011) (emphasizing recently that the "likelihood of a different result must be substantial, not just conceivable"). The petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Jermyn,* 266 F.3d at 282 (quoting *Strickland,* 466 U.S. at 693). A simple error, if it had no effect on the judgment, does not necessitate setting aside the judgment. *Strickland,* 466 U.S. at 691.

## III. DISCUSSION

As noted above, Gray contends that Government failed to prove that he had knowledge that he was prohibited from possessing a firearm and further that both his trial and appellate counsel was ineffective for raising this argument. We shall discuss each issue in turn.

### A. Procedural Default

For the first time in any of the proceedings against him, Gray contends that the Government failed to prove that he had knowledge that he was prohibited from possessing a firearm. Gray's argument is based on the Supreme Court's 2019 case of *Rehaif v. United States,* 139 S. Ct. 2191, which held that in a prosecution under § 922(g), the Government must prove that a criminal defendant knew that he fell into one of the categories of people barred from possessing a firearm under the

5

statute at the time that he knowingly possessed a firearm. The *Rehaif* decision overruled the prior precedent of the Third Circuit and every other circuit court that had considered the issue.

To be sure, Section 2255 permits relief where a defendant's "conviction and punishment are for an act that the law does not make criminal." *Davis v. United States*, 417 U.S. 333, 346 (1974). However, Gray's claim is procedurally defaulted as he failed to bring it at trial or on his direct appeal. *United States v. Frady,* 456 U.S. 152, 164-65 (1982). Procedural default may be excused only if a defendant can show "either cause and actual prejudice" or "that he is actually innocent." *Bousley v. United States,* 523 U.S. 614, 622 (1998) (internal quotation marks omitted).

The record of the trial in this matter makes plain that Gray's procedural default cannot be excused. First, at trial, the parties entered in a stipulation that "Prior to December 2015. the defendant, Steven G. Gray, was convicted of a felony, that is a crime punishable by imprisonment for a term exceeding one year." (GE 1, Trial Exhibit 43.) Additionally, Gray himself repeatedly testified at trial that he was prohibited from possessing a firearm. For example, on direct examination, Gray testified there were no firearms in his house and when asked why, he replied:

6

> Because I cannot legally possess any firearm because the punishment of that would be astronomical. That would destroy everything that I 've worked so hard to build. I would never in my life touch or own a firearm again ever in my life.

(Doc. 102, Trial Transcript Day 2, pg. 54). On cross-examination, Gray again admitted that he knew he could not possess a firearm because he was a convicted felon. (Doc. 102, Trial Transcript Day 2, pgs. 64-65).

Based on the foregoing, it is evident that Gray is not actually innocent nor has he suffered any prejudice by failing to raise this issue on appeal. Thus, this claim fails.

### B. Ineffective Assistance

Gray's ineffective assistance claims are related to his procedurally defaulted claim -- specifically Gray contends that his trial and appellate counsel were deficient for failing to raise the issue of Gray's knowledge that he was a person prohibited from possessing a firearm. These claims necessarily fail.

First, Gray cannot establish that trial counsel was ineffective for failing to raise this issue given the unequivocal jurisprudence of the Third Circuit and our sister circuits at the time that did not require the Government to prove that the defendant was aware he was a "prohibited person" under 18 U.S.C. § 922(g). The performance of counsel "is not deficient . . . where the attorney 'fail[ed] to predict a change in the law.'" *United States v. Rosado*, 2021 WL 392102 at *4 (M.D. Pa. Feb. 4, 2021)(citing *United States v. Doe,* 810 F.3d 132, 154 (3d Cir. 2015).

*Rehaif* was not decided by the Supreme Court until June of 2019 – Gray's trial and sentencing occurred in 2018. *Strickland* does not require trial counsel to divine that the Supreme Court might announce a sea-change in the law almost a full year following sentencing.

Although we are not required to do so based on our finding that counsel was not ineffective, it is worth stating that Gray was not prejudiced by the performance of trial counsel. Gray's own testimony established his knowledge of his status as a person prohibited from possessing a firearm. Similarly, his claim against appellate counsel likewise fails based on his trial testimony. Even if appellate counsel was to raise a claim based on *Rehaif,* such claim would have been rejected based on Gray's testimonial admissions at trial.

Based on the foregoing, we find that neither trial or appellate counsel were ineffective in their representation of Gray.

### C. Certificate of Appealability

Based on the foregoing analysis, we do not find that Gray has made a substantial showing of the denial of a constitutional right, and as such, no certificate of appealability shall issue. *See* 28 U.S.C. § 2253(c)(2).

## IV. CONCLUSION

For the foregoing reasons, the Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody (Doc. 121) shall be denied. An appropriate Order shall issue.